IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                           )
                                 )    Chapter 7
WALTERMAN IMPLEMENT, INC.,       )
                                 )
     Debtor.                     )    Bankruptcy No. 05-07284
------------------------------
RENEE HANRAHAN,                  )
CHAPTER 7 TRUSTEE,               )
                                 )    Adversary No. 06-9119
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
WALTERMAN - THE RENTAL           )
COMPANY, INC.                    )
                                 )
     Defendant.                  )
```

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT**

This matter came on for hearing on September 8, 2006 on Motions for Summary Judgment filed by Plaintiff and Defendant. Attorney Mackenzie A. Barton appeared for Plaintiff/Trustee Renee Hanrahan.  Attorney William Sidney Smith appeared for Defendant Walterman – The Rental Company, Inc.  After hearing arguments of counsel, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).

**STATEMENT OF THE CASE**

An involuntary bankruptcy petition was filed against Walterman Implement, Inc. on October 21, 2005.  Leon Walterman was the President and owner of all shares in Debtor on the petition date.  Trustee's complaint herein asserts Leon Walterman's postpetition transfer to Defendant of his shares in Debtor is void in violation of the automatic stay and is a voidable postpetition transfer.

Mr. Walterman formed the corporation "Walterman – The Rental Company, Inc." prepetition, on March 29, 2005.  He is president and a director of the corporation. Postpetition, on March 15, 2006, Mr. Walterman transferred all of his shares in Debtor to The Rental Company.

In a separate adversary proceeding filed March 8, 2006, this Court ruled that Debtor's subchapter S status is property of the estate and Mr. Walterman's attempt, as officer and shareholder of

Debtor, to revoke that status violated the automatic stay and was voidable as a postpetition transfer. Mr. Walterman signed documents to revoke the subchapter S status of Debtor postpetition on November 14, 2005. Hanrahan v. Walterman, 2006 WL 1562401 (Bankr. N.D. Iowa May 22, 2006) (Adv. No. 06-9067) (Walterman I). Mr. Walterman appealed this Court's order to the U.S. District Court on June 1, 2006, where it is pending as Walterman Implement, Inc. v. Hanrahan, No. 06-00082-EJM.

Trustee filed this adversary action on June 27, 2006. The parties have both filed Motions for Summary Judgment. Defendant asserts Trustee lacks standing to contest Leon Walterman's decision to transfer his stock in Debtor to The Rental Co. It also asserts the subchapter S tax status is not property of the estate. Trustee requests summary judgment, based in large part on arguments similar to those made in Adv. No. 06-9069, in which the Court voided Mr. Walterman's earlier attempt to revoke Debtor's subchapter S status.

## CONCLUSIONS OF LAW

The parties both assert no material facts are in controversy in this adversary proceeding and request summary judgment. As such, this case is an appropriate subject for summary judgment under Federal Rule of Civil Procedure 56.

The issues in this adversary proceeding and those addressed in the Order entered in Walterman I are nearly identical. In that order, the Court held that Leon Walterman violated the automatic stay by revoking Debtor's subchapter S election, rendering the revocation void as a violation of the automatic stay. It further held that the revocation of Debtor's subchapter S status was also voidable under § 549 as a postpetition transfer. Walterman I, slip op. at 5.

In Walterman I, Debtor, with Mr. Walterman as consenting shareholder, revoked Debtor's Subchapter S election postpetition. Mr. Walterman signed the consent to the revocation as the holder of the entire 400 shares issued by the Debtor corporation. Slip op. at 2. Approximately 7 days after the Walterman I order was filed, Mr. Walterman transferred all of his shares in Debtor to Defendant, his separate corporation. Trustee filed the complaint in this adversary proceeding to void that transfer of shares. As the parties agree, the legal effect of this transfer under the Internal Revenue Code is to destroy Debtor's subchapter S status.

In In re Cumberland Farms, Inc., 162 B.R. 62, 66 (Bankr. D. Mass. 1993) (also cited in Walterman I), the court considered whether a proposed sale of stock of the debtor would violate the automatic stay. It held that the debtor's benefits under its

2

subchapter S status, i.e. the pass-through of income and losses, are property of the estate. Id. at 66-67.

> [T]his is one of those situations where a property interest of the estate and a property interest of a third party are so interwoven that the [sale] of the third party's property adversely affects property of the estate. In such cases, the automatic stay protects the estate's property.

Id. at 67-68. The court also noted that the sale of stock to a party who is not a qualified subchapter S stockholder would end the debtor's subchapter S status altogether, in determining that the sale would violate the automatic stay. Id. at 68.

## ANALYSIS

Based on the law set out in Walterman I, the Court concludes that Leon Walterman's transfer of his stock in Debtor to Defendant Walterman – The Rental Co. violates the automatic stay. The effect of the transfer is to destroy Debtor's subchapter S status which is property of the estate. The automatic stay protects the bankruptcy estate's interest in Debtor's subchapter S status. Mr. Walterman's transfer of stock to The Rental Company is void as a violation of the automatic stay under § 362 and voidable as a postpetition transfer under § 547.

**WHEREFORE**, Debtor's subchapter S status is property of the estate.

**FURTHER**, Leon Walterman's transfer of stock in Debtor to Defendant Walterman – The Rental Co. is void as a violation of the automatic stay.

**FURTHER**, Leon Walterman's transfer of stock in Debtor to Defendant Walterman – The Rental Co. is also voidable under § 549 as a postpetition transfer.

**FURTHER**, Trustee's Motion for Summary Judgment is GRANTED.

**FURTHER**, Defendant's Motion for Summary Judgment is DENIED.

DATED AND ENTERED:   September 19, 2006

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE